

**ORDERED in the Southern District of Florida on April 28, 2015.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 08-18916-RAM |
| | CHAPTER  7 |
| EDUARDO RAUSEO and PAMELA RAUSEO, | |
| Debtors. | |

## ORDER DENYING MOTION TO REOPEN TO STRIP LIEN

In the Eleventh Circuit, chapter 7 debtors may file motions to value their homestead property and strip off wholly unsecured junior liens. *In re McNeal*, 735 F.3d 1263 (11th Cir. 2012). This may change after the Supreme Court issues its opinion in two consolidated cases argued this term, *Bank of America v. Toledo-Cardona* and *Bank of America v. Caulkett*.

The issue presented in this case is whether to reopen a chapter 7 case filed in June 2008 and closed in June 2011 in order to strip off a lien.  The issue is framed in the Debtors' Motion to Reopen Chapter 7 Case to Determine Value of Secured Claim and to Strip off Unsecured Lien Pursuant to § 506(a) & (d) ("Motion to Reopen") [DE# 96]. The Court held a hearing on April 23, 2015 on the Motion to Reopen.

The Debtors in this case seek to strip a third mortgage held by Bank of America and allege that the third mortgage is wholly unsecured based upon the value of the property as of June 30, 2008, the date of the Debtor's bankruptcy petition. The Assistant United States Trustee ("AUST") filed an Objection [DE# 100] arguing that reopening a case filed more than six (6) years ago is inequitable. Bank of America, the party actually affected by the Motion to Value, was properly served, but did not file an objection and did not appear at the April 23rd hearing.

## Discussion

Section 350(b) provides that "[a] case may be reopened ... to administer assets, to accord relief to the debtor, or for other cause."  As discussed below, there is only one reported decision on reopening cases to strip off liens. However, Debtors often seek to reopen cases to avoid judgment liens under 11 U.S.C. §522(f) and most published decisions on that topic do not

2

impose time limits if the creditor is not prejudiced by the delay.  3 *Collier on Bankruptcy* ¶ 360.03[4] (16th ed.).

The one published decision on reopening a chapter 7 case to strip off a wholly unsecured junior lien is *In re Cole*, 521 B.R. 410 (Bankr. N.D. Ga. 2014).  In *Cole*, Judge Diehl noted that laches is a valid ground for denying a motion to reopen and acknowledged the future potential prejudice to a mortgage holder in the valuation of its collateral if a case is later reopened to strip off a lien.  *Id.* at p. 413-14. Notwithstanding these concerns, Judge Diehl ultimately held that because the case had only been closed for eight months, the delay was not unreasonable or unfairly prejudicial to a properly notified lien holder who failed to respond.

The Debtors in this case argue that the Motion to Reopen should be granted despite the delay because, like in *Cole*, Bank of America was properly served, did not file an objection, and did not attend the April 23rd hearing.  The Court finds that the lack of opposition by the lienholder is not sufficient to justify reopening and allowing the lien strip in a case this old.  Even without opposition, it is appropriate for the Court to consider prejudice to the lienholder.

In this case filed more than six years ago, the Court finds that it would be unfair to strip off Bank of America's lien,

3

particularly because the Debtors could file a new chapter 13 case, seek to strip the lien, and discharge unsecured claims upon completion of a plan.[1]  Seeking to strip off Bank of America's lien in a new case is a more equitable result since the Debtors would have to justify the strip off using the current value of the house, not the value in June of 2008.

The Court also finds it relevant that unsecured creditors received a distribution in this case. Bank of America would have shared in this distribution had its lien been stripped while the case was open. If its lien is stripped now, Bank of America will receive nothing on account of its unsecured claim.

## Conclusion

This Court is not adopting a bright line rule precluding motions to reopen to strip liens after the case has been closed for a certain specified period.[2]  But, six years after filing and nearly four years after closing is simply too long.

Therefore, it is –

**ORDERED** that the Motion to Reopen is denied.

---

[1] Because this case was filed more than four years ago, the Debtors are not barred from obtaining a discharge in a new chapter 13 case under § 1328(f)(1).

[2] The Court is advised that at least two districts in the Eleventh Circuit, the Middle District of Florida and the Northern District of Georgia, will not reopen cases to strip liens if the case has been closed for more than one (1) year.

###

COPIES TO:

Timothy S. Kingcade
KINGCADE & GARCIA, P.A.
1370 Coral Way
Miami, FL  33145-2960
(Counsel for Debtors)

Steven D. Schneiderman, Trial Attorney
Office of the U.S. Trustee
51 S.W. First Avenue, Suite 1204
Miami, FL  33130
(Counsel for U.S. Trustee)

Bank of America, N.A.
Attn:  Brian T. Moynihan, President & CEO
100 North Tryon Street
Charlotte, NC  28202

Bank of America, N.A.
4161 Piedmont Parkway
Greensboro, NC  27410